## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| IN RE:<br>HUGH C POSTELL<br><br>Debtor | Case No. 18-14258-MDC<br><br>Chapter 13 |
| PHH Mortgage Corporation,<br><br>Movant<br><br>vs.<br>HUGH C POSTELL<br><br>Respondent | <br><br><br><br><br>11 U.S.C. §362 |

### STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF
### FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Brock & Scott, PLLC, counsel for the Movant, PHH Mortgage Corporation, and Brad J. Sadek, Esquire, counsel for the Debtor, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at **5050 Chancellor Street, Philadelphia, PA 19139**, mortgage account ending with "**9700**".

3. The parties agree that the total post-petition arrearage consists of one (1) monthly payment for the months of December 2020 in the amount of $774.88; six (6) monthly payments for the months of January 2021 through June 2021 at $745.80 each; less suspense in the amount of $1.42; plus attorney fees of $1,038.00; resulting in the total post-petition arrearage amount of **$6,286.26**.

4. Within ten (10) days from the date that this stipulation is approved by the Court, Debtor agrees to amend the Chapter 13 Plan to include the aforementioned post-petition delinquency in the amount of **$6,286.26**. The parties agree that the Movant may file a Notice of Post-Petition Fees, Charges and Expenses as a supplement to the filed Proof of Claim for the above-stated amount and that same shall be deemed approved upon entry of the Order approving this Stipulation.

5. The parties agree that the allowed total secured claim of Movant for pre-petition arrearages in the amount of $25,738.02 and Post-Petition supplement in the amount of $6,286.26 will be paid, in full, through the Amended Chapter 13 Plan. The total delinquency to be paid to Movant through the Chapter 13 Plan is **$32,024.28**.

6. Debtor agrees to remain current post-petition from this day forward. Beginning July 1, 2021, all subsequent monthly payments and late charges shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to **PHH MORTGAGE CORPORATION, PHH MORTGAGE SERVICES, MAILSTOP SBRP // P.O. BOX 5469, MOUNT LAUREL, NJ 08054.**

7. If Debtor provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

8. Should the Debtor fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, Movant may send Debtor and counsel, if applicable, a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362, waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001(a)(3) so that the Relief Order is immediately effective and enforceable.

9. In the event the Debtor converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362, and waiving Rule 4001(a)(3) so that the Relief Order is immediately effective and enforceable.

10. Debtor's tendering of a check to PHH Mortgage Corporation, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

11. The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Dated: June 16, 2021

/s/ *Andrew Spivack*

Andrew Spivack, Esq.
Attorney for Movant

Brad J. Sadek, Esquire
Attorney for Debtor
No Objection - Without Prejudice to Any Trustee Rights or Remedies
/s/ LeeAne O Huggins    June 22, 2021
William C. Miller, Esquire, Trustee